FILED
OCT 05 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Solomon Lemuel Perry, )
)
Plaintiff, )
)
v. ) Civil Action No. 17-1692 (UNA)
)
)
United States of America, )
)
Defendant. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. In addition, a complaint may be so "patently insubstantial" as to deprive a court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks

1

subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009).

Plaintiff purports to bring a "Criminal Complaint" against the United States of America for conduct unknown. Sovereign immunity bars a suit against the federal government except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Plaintiff has stated nothing in the instant complaint that comes close to a waiver of sovereign immunity. In addition, a private citizen "lacks standing" to initiate a criminal prosecution. *In re Bush*, No. 00-5303, 2000 WL 1946641, at *1 (D.C. Cir. Dec. 21, 2000) (citing *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir.1992); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)). As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: October **5**, 2017

United States District Judge